

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# Wellness Publishing v. Barefoot

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Wellness Publishing v. Barefoot" (2005). *2005 Decisions*. Paper 1365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3919

WELLNESS PUBLISHING; HOLT M.D. CONSULTING, INC.;
NATURE'S BENEFIT, INC.; STEPHEN HOLT, M.D.,

Appellants

v.

ROBERT R. BAREFOOT; DEONNA ENTERPRISES, INC.; HOPH MARKETING, INC.;
SCOTT MILLER; KEVIN TRUDEAU; STEVEN D. RITCHEY; ALLEN STERN;
DONALD W. BARRETT, JR.; TRAID DIRECT RESPONSE MARKETING, INC.; KING
MEDIA, INC.; DIRECT MARKETING CONCEPTS, INC.; SHOP-AMERICA, INC.;
ADVANCED NUTRITIONAL INNOVATIONS, INC.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 02-3773 (JAP))
District Court Judge: Honorable Joel A. Pisano

Argued January 18, 2005

Before: ALITO, MCKEE , and SMITH, Circuit Judges.

(Opinion Filed: April 14, 2005)

*Counsel for Appellant*
Alan L. Zegas (Argued)
Law Offices of Alan L. Zegas
552 Main Street
Chatham, NJ  07928

Keith N. Biebelberg
Biebelberg & Martin
374 Millburn Avenue
Millburn, NJ 07041

*Counsel for Appellee*s
Robert J. Gilson (Argued)
Riker, Danzig, Scherer, Hyland &
        Perretti LLP
One Speedwell Avenue
Morristown, NJ 07962

Daniel J. Hurtado (Argued)
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611

David E. DeLorenzi
Timothy S. Susanin
Gibbons, Del Deo, Dolan,
        Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102

---

OPINION OF THE COURT

---

PER CURIAM:

Stephen Holt and three companies associated with him, Wellness Publishing, Holt

MD Consulting, Inc. and Nature's Benefit, Inc. (hereinafter "Holt"), filed an action in the

United States District Court for New Jersey against several defendants, alleging breach of contract, misappropriation of a copyrighted work, violations of the Lanham Act, common law business torts, and tortious interference with a contract. All of these claims concern the advertising, sale, and distribution of coral calcium supplements and related promotional materials. The District Court dismissed the case for lack of personal jurisdiction. The plaintiffs then settled with defendants Robert Barefoot, Deonna Enterprises, Hoph Marketing, and Scott Miller, and the plaintiffs took the present appeal to contest the dismissal of their claims with respect to the remaining defendants. For the reasons stated below, we reverse the District Court's order with regard to two groups of defendants: (1) Kevin Trudeau and Shop America (hereinafter collectively "Shop America") and (2) Direct Marketing Concepts, Triad Direct Response Marketing, King Media, Steven Ritchey, Allen Stern, and Donald Barrett, Jr. (hereinafter collectively "DMC"). However, we affirm the District Court's order with regard to Advanced Nutritional Innovations, Inc. Because we write only for the parties, we proceed directly to the substance of the jurisdictional issues.

## I.

Contrary to the argument of the appellees, we have jurisdiction to consider the District Court's order of June 30, 2003, which dismissed the complaint for lack of personal jurisdiction, even though the notice of appeal states that the order being appealed is the District Court's order of August 27, 2003, which denied the plaintiffs' motion to

3

amend the order of June 30, 2003. "We have appellate jurisdiction over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issues." Williams v. Guzzardi, 875 F.2d 46, 49 (3d Cir. 1989). Here, the requisite connection exists between the order dismissing the case and the order denying the motion to amend that order, and Holt's intention to appeal the dispositive order is apparent from the issues addressed in the brief. Finally, appellees have made no showing that they would be prejudiced by the exercise of appellate jurisdiction. Therefore, the plaintiffs' failure to specify the proper order in his notice of appeal was harmless error, and jurisdiction is proper. See United States v. Certain Land in the City of Paterson, 322 F.2d 866, 869-70 (3d Cir. 1963).

## II.

A plaintiff bears "the burden of demonstrating [that the defendants'] contacts with the forum state [are] sufficient to give the court in personam jurisdiction." Mesalic v. Fiberfloat Corp., 897 F.2d 696, 699 (3d Cir. 1990). These contacts must be shown "with reasonable particularity." Mellon Bank v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). In considering a motion to dismiss on the basis of affidavits, a District Court must resolve all material factual disputes in favor of the plaintiffs. Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). Whether a given set of contacts is sufficient to create

4

personal jurisdiction is a question of law, and therefore our review is plenary. Id. at 1221.

Personal jurisdiction can be either general or specific.[1] Specific jurisdiction over a defendant can be established when the claim is related to or arises out of the defendant's forum-related activities such that the defendant should reasonably anticipate being haled into court there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Imo Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Once minimum contacts are established, jurisdiction may be exercised when the court determines that to do so would comport with traditional notions of fair play and substantial justice. Vetrotex, 75 F.3d at 150-51.

### III.

The District Court erred in its ruling that none of the defendants' contacts with New Jersey were related to plaintiffs' causes of action. The discussion below addresses the jurisdictional question with respect to the distinct groups of defendants remaining in the case.

### A.

The DMC defendant group is comprised of Steven Ritchey, Allen Stern, Donald Barrett, Triad Marketing, King Media, and Direct Marketing Concepts.[2] The affidavits

---

[1]Given the limited scope of defendants' contacts with New Jersey an analysis of general jurisdiction is not necessary.

[2]Given the state of the record, on remand the District Court may address the question of whether the individual defendants Ritchey, Stern and Barrett are not subject to personal jurisdiction because the relevant contacts were established in their roles as

5

and depositions submitted are sufficient to support Holt's claim that these corporations worked in concert to produce and distribute an infomercial and to process telephone orders for the calcium supplements and books promoted in that infomercial. Between January 2002 and September 2002, the infomercial resulted in approximately 6,856 sales to customers in New Jersey totaling over $820,000.00 worth of merchandise. (DMC Brief at 11.)

Holt claims that the promotion and distribution of the books *The Calcium Factor* and *Death by Diet* infringe on his copyright to the book *Barefoot on Coral Calcium*. These claims arise out of DMC's activity in New Jersey because DMC distributed the allegedly infringing books to New Jersey residents. There was nothing fortuitous about the presence of these books in New Jersey–DMC advertised the books to New Jersey customers, answered the phone when those customers called, and then arranged to have the books shipped to New Jersey addresses.[3] The misappropriation claims are clearly related to the distribution of the infringing books, and because the books were knowingly sent to New Jersey by DMC, DMC should expect to be subject to jurisdiction in that state.

Holt alleges that DMC violated the Lanham Act, 15 U.S.C. § 1125(a), and

corporate officers. <u>See</u> <u>Educational Testing Service v. Katzman</u>, 631 F.Supp. 550, 556-59 (D.N.J. 1986).

[3]The fact that the defendants forwarded processed orders to centers where the advertised product was packaged and shipped does not reduce the significance of DMC's essential role.

common law prohibitions on false advertising on the basis of statements made in *Coral Calcium I*. These claims are related to DMC's activity in New Jersey because the broadcasts which form the basis of the claims were viewed in New Jersey. It is true that an advertising campaign with national scope does not by itself give rise to general jurisdiction in a state where it is broadcast. See, e.g., Gehling v. St. George's Sch. of Med., Ltd.. 773 F.2d 539 (3d Cir. 1985); Giangola v. Walt Disney World Co., 753 F.Supp. 148 (D.N.J. 1990). That principle is inapplicable to this case, however. First, those precedents involve injuries unrelated to the broadcast of the advertisement in the forum state, and therefore are inapplicable to a specific-jurisdiction inquiry. A claim of false advertising, and the injury that results from false advertising, are inextricably related to the broadcast of the allegedly false advertisement. Second, the advertisement in this case induced viewers to establish direct contact with DMC by calling its toll-free phone number to place orders. This inducement destroys any semblance of the passive advertising addressed in Giangola, 153 F.Supp. at 155-56, which expressly distinguished advertisements in the form of direct mail solicitations. For purposes of jurisdictional analysis, an infomercial broadcast that generates telephone customers is the equivalent of an interactive web-site through which a defendant purposefully directs its commercial efforts towards residents of a forum state. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (discussing Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D.Pa. 1997)). Under these circumstances, it is both reasonable and fair for the DMC

7

defendants to appear in a New Jersey court to answer charges related to the broadcast of this infomercial.

Finally, Holt alleges that DMC tortiously interfered with a contract existing between Holt and Robert Barefoot by featuring Barefoot in the coral calcium infomercial and otherwise using Barefoot to promote their product. This claim calls for an application of the "effects" analysis set forth in Calder v. Jones, 465 U.S. 783 (1984); Remick v. Manfredy, 238 F.3d 248, 260 (3d Cir. 2001). In Remick, this court held that because the beneficiary of a contract resided and worked in Pennsylvania, "the effects of any intentional conduct by the defendants designed to interfere with . . . contractual relations . . . necessarily would have been felt in Pennsylvania." Remick, 238 F.3d at 260. Holt, as a resident of New Jersey, suffered the alleged injury resulting from DMC's intentional conduct in New Jersey. In this sense, although DMC's business strategy may not have targeted New Jersey, with regard to Holt's contract with Barefoot, DMC's alleged intentional interference was expressly aimed at the forum.

Because the District Court determined that minimum contacts did not exist, no ruling was made on whether the exercise of personal jurisdiction over the DMC defendants would comport with substantial justice. It is apparent from the record, however, that considerations of substantial justice do not counsel against jurisdiction in this case. Although receipts from New Jersey customers were a small percentage of DMC's total business, those receipts were substantial in absolute terms and reflected the

8

size of the state's economy relative to the national market.  Furthermore, New Jersey has a substantial interest in protecting its general population from allegedly misleading advertising and also in vindicating Holt's rights.

B.

The Shop America defendant group is comprised of Shop America  L.L.C. and Kevin Trudeau.  Trudeau and Shop America worked in concert to produce a second infomercial featuring Robert Barefoot and to process telephone orders for the calcium supplements and books promoted in that infomercial.  That infomercial resulted in at least 22,352 orders from New Jersey customers representing approximately $1.14 million of merchandise.  (Shop America Brief at 011.)

Holt brings the same allegations of copyright infringement, false advertising and tortious interference against Shop America as he alleges against the DMC defendants.  While the contacts of Shop America are entirely distinct from the DMC group, and must be independently sufficient in order to support personal jurisdiction, the same legal analysis applies to both groups.  Like DMC, however, Shop America distributed copies of *The Calcium Factor* and *Death By Diet* in New Jersey, used Robert Barefoot to promote their coral calcium product, produced an infomercial viewed in New Jersey and processed orders for merchandise from New Jersey customers.  Because the nature and scope of Shop America's contacts with New Jersey, Dr. Holt, and the litigation at hand are substantially the same as those explored above relating to the DMC group, we hold that

9

personal jurisdiction over the Shop America defendants is proper.

C.

The District Court found no personal jurisdiction over Advanced Nutritional Innovations, Inc. ("ANI"). Although Holt states in his complaint that ANI made false statements to some of Holt's New Jersey customers, this allegation does not serve as the basis of any claim made against ANI, nor was it the subject of discovery, nor did Holt otherwise substantiate this allegation before the District Court. ANI had no role in the production or distribution of the infomercials that serve as the centerpiece of this litigation, nor is there any connection between Robert Barefoot and ANI. With regard to this defendant, Holt did not meet his burden of pleading jurisdictional facts with reasonable particularity.

IV.

For the above reasons, we affirm the order of the District Court with regard to Advanced Nutritional Innovations, Inc. and reverse with regard to Kevin Trudeau, Shop America, Direct Marketing Concepts, Triad Direct Response Marketing, King Media, Steven Ritchey, Allen Stern, and Donald Barrett.